1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Sukackas, | No. CV-24-00063-PHX-MTM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| Fine Food Inc. d/b/a Scottsdale Window Coverings, et al., | |
| Defendants. | |

TO THE HONORABLE STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment. (Doc. 15.) This Report and Recommendation is filed pursuant to General Order 21-25.[1] The Court

---

[1] General Order 21-25 states in relevant part:

When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,

IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.

IT IS FURTHER ORDERED designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:

Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee. . . .

1    will recommend that Plaintiff's Motion be granted.

2    **I.     Background.**

3           On January 10, 2024, Plaintiff Joseph Sukackas filed a Complaint against

4    Defendants Fine Food Inc. d/b/a Scottsdale Window Coverings and Vincent Deshayes and

5    Maria Deshayes, seeking unpaid overtime and minimum wages under the Fair Labor

6    Standards Act ("FLSA"), and unpaid minimum wages and unpaid wages under the Arizona

7    Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA"). (Doc. 1.) Plaintiff

8    alleges the following, in pertinent part:

- Defendants own and operate a window coverings company, an enterprise located in Maricopa County, Arizona. Plaintiff was hired by Defendants on January 10, 2022, and worked for Defendants as a member of the creative marketing team. Plaintiff's agreed-upon rate of pay through November 2022, was $25 per hour. During that time, he worked approximately between 48 and 60 hours per week. In November 2022, Defendants changed Plaintiff's position to creative marketing director and set his rate of pay at $65,000 annually. (Doc. 1, ¶¶ 9-10, 32-37.)

- Defendants did not pay Plaintiff any wages whatsoever for the time he worked during his first five weeks of employment. Defendants did not pay Plaintiff an overtime premium for any time he worked in excess of 40 hours in a given workweek through approximately November 2023. Defendants did not pay Plaintiff any wages whatsoever for the 15-25 hours he worked during the week of July 24 through July 28, 2023. (Doc. 1, ¶¶ 38-43.)

- As a result of not having paid Plaintiff for the first five workweeks of his employment with Defendants, and as a result of not having paid Plaintiff for the week of approximately July 24 through 28, 2023, Defendants failed to pay the applicable minimum wage to Plaintiff. As a result of Defendants' failure to pay Plaintiff for such hours worked, Defendants violated the FLSA, 29 U.S.C. § 206(a). As a result of Defendants' failure to pay Plaintiff for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.  As a result of Defendants' failure to pay Plaintiff for such hours worked, Defendants violated the AWA, A.R.S., § 23-351. During the time period that Plaintiff was paid an hourly rate of pay, Plaintiff often worked in excess of 40 hours in a given workweek without receiving one and one-half times his regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a). (Doc. 1, ¶¶ 44-51.)

          On January 19, 2024, the summons and copies of the Complaint were personally

served on Defendant Vincent Deshayes, owner of Defendant Fine Food Inc. d/b/a

1    Scottsdale Window Coverings and husband to co-owner Defendant Maria Deshayes.[2]

2    (Docs. 9-11); *see* Fed. R. Civ. P. 4(e)(2)(A)-(C), 4(h)(1); Ariz. R. Civ. P. 4.1(d) and (i).

3    The record also reflects on that same date, the summons and copy of the Complaint were

4    served on Defendant Maria Deshayes by leaving said documents at the Defendant's

5    individual residence or usual place of abode. (*Id.*) Accordingly, Defendants were properly

6    served. Defendants have not responded to the Complaint.

7          On February 12, 2024, Plaintiff requested entry of default against Defendants

8    pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 12.) Default was

9    entered the following day. (Doc. 13.) Plaintiff filed his Motion for Default Judgment on

10    April 11, 2024. (Doc. 15.)[3] No response to the Motion has been filed.

11    **II.**      **Motion for Default Judgment.**

12        **A.**      **Legal Standard.**

13          Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against

14    whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

15    and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

16    Fed. R. Civ. P. 55(a). Once a party's default has been entered, the district court has

17    discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe*

18    *v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

19          In assessing a motion for default judgment, the district court first "has an affirmative

20    duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v.*

21    *Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment

22    that can later be successfully attacked as void, a court should determine whether it has the

23    power, i.e., the jurisdiction, to enter judgment in the first place."). Once jurisdiction is

---

24

25          [2] The record reflects that as an owner, Defendant Vincent Deshayes is designated by law to accept service on behalf of Defendant Fine Food Inc. d/b/a Scottsdale Window

26    Coverings. (Doc. 6.)

27          [3] Plaintiff certified that both his Application for Entry of Default (Doc. 12) and Motion for Entry of Default Judgment (Doc. 15) were served on Defendants by First Class

28    Mail to: Fine Food Inc. d/b/a Scottsdale Window Coverings, via Vincent Deshayes, its Registered Member 3151 E. Tina Dr., Phoenix, AZ 85050 and Vincent Deshayes & Maria Deshayes 3151 E. Tina Dr., Phoenix, AZ 85050.

satisfied, the court must determine whether default judgment is proper under the *Eitel* factors. *See Eitel v.McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Specifically, a court should consider:

> (1) the possibility of prejudice to the plaintiff[;]
>
> (2) the merits of plaintiff's substantive claim[;]
>
> (3) the sufficiency of the complaint[;]
>
> (4) the sum of money at stake in the action;
>
> (5) the possibility of a dispute concerning material facts;
>
> (6) whether the default was due to excusable neglect[;] and
>
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### B.    Discussion.

#### 1.    Jurisdiction.

"When entry of default is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli*, 172 F.3d at 712. Plaintiff asserts claims arising under the FLSA, AMWA, and AWA. (Doc. 1.) The Court has subject matter jurisdiction over claims arising out of federal law, including the FLSA, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* The Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because Plaintiff's state law claims, under both the AMWA and AWA, are "so related" to his FLSA claim that the Court has supplemental jurisdiction over them. Venue and personal jurisdiction requirements are also satisfied because Defendants were properly served and Defendants own and operate a window coverings company, an enterprise located in Maricopa County, Arizona. (*Id.*, ¶¶ 9, 10.) Defendants regularly conduct business, have offices, and maintain business agents in Arizona, and Plaintiff is a resident

1    of the State of Arizona. (*Id.*, ¶¶ 8-10.) Accordingly, the Court has jurisdiction over the

2    parties.

3              **2.    *Eitel* Factors.**

4              Having determined that this Court has both subject matter and personal jurisdiction

5    in this action, the Court will examine whether entry of default judgment is proper under

6    the *Eitel* factors.

7              **a.    The First, Fifth, Sixth, and Seventh Eitel Factors.**

8              When Defendants have not responded or participated in any litigation, the "first,

9    fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Industries Inc. v.*

10   *Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at \*3 (D. Ariz. March 27,

11   2020).

12             The first factor weighs in favor of default judgment because denying Plaintiff's

13   Motion will leave him "without other recourse for recovery," *PepsiCo, Inc. v. California*

14   *Security Cans.*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002), and prejudice would exist if

15   Plaintiff's Motion were denied because he would lose the right to a "judicial resolution" of

16   his claims. *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal.

17   2005). The fifth factor weighs in favor of default judgment because the well-pleaded

18   factual allegations in the Complaint are taken as true, and there is no "genuine dispute of

19   material facts" that would preclude granting the Motion. *PepsiCo*, 238 F.Supp.2d at 1177.

20   The sixth factor considers whether the default was due to excusable neglect. Here,

21   Defendants' failure to participate after being personally served does not indicate that

22   default was due to excusable neglect. *See Twentieth Century Fox Film Corp. v. Streeter*,

23   438 F.Supp.2d 1065, 1071-1072 (D. Ariz. 2006). The seventh factor -- favoring decisions

24   on the merits -- generally weighs against default judgment; however, "the mere existence

25   of Rule 55(b) indicates that 'this preference, standing alone, is not dispositive,'" *PepsiCo*,

26   238 F.Supp.2d at 1177, and is not sufficient to preclude the entry of default judgment in

27   this case. *Warner Bros. Entertainment Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal.

28   2004) (explaining that the seventh *Eitel* factor "standing alone, cannot suffice to prevent

entry of default judgment for otherwise default judgment could never be entered" and courts have concluded that "this factor does not weigh very heavily"). Here, a decision on the merits is impossible, given that Defendants failed to appear.

In sum, the first, fifth, sixth, and seventh factors weigh in favor of default judgment.

### b.    The Second and Third *Eitel* Factors

The second and third *Eitel* factors -- the merits of the claim and the sufficiency of the complaint -- are "often analyzed together and require courts to consider whether a plaintiff has state[d] a claim on which [he] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F.Supp.3d 948, 962 (N.D. Cal. 2019). Here, the Court must first examine Plaintiff's employee status within the FLSA, AMWA, and AWA.

The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). It defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d).

The Court finds that Plaintiff was classified as an employee of Defendants and Defendants were classified as employers pursuant to the FLSA. Defendants had the authority to hire and fire employees, supervised and controlled work schedules and the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. Defendants also directed and exercised control over Plaintiff's work and wages. (Doc. 1, ¶¶ 8, 11-13, 23.) These allegations, taken as true, support that Defendants are employers and Plaintiff was an employee of Defendants under the FLSA.

Like the FLSA, the AMWA defines an "employee" as "any person who is or was employed by an employer." A.R.S. § 23-362(A). It defines an "employer" as "any corporation proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). Since the definition of employee is the same under both the FLSA and AMWA, the Court's analysis as to Plaintiff's employee status under the FLSA applies to the AMWA as well.

1    Lastly, similar to the FLSA and AMWA, the AWA defines an "employee" as "any

2    person who performs services for an employer under a contract of employment either made

3    in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). The

4    AWA defines "employer" as "any individual, partnership, association, joint stock

5    company, trust or corporation, the administrator or executor of the estate of a deceased

6    individual or the receiver, trustee or successor of any of such persons employing any

7    person." A.R.S. § 23-350(3). Thus, the Court's reasoning as to Plaintiff's employee status

8    under the FLSA also applies under the AWA.

9    As noted above, in his Complaint, Plaintiff argues that he is entitled to unpaid

10    wages, including minimum and overtime wages under the FLSA, AMWA, and AWA.

11    Because the Court takes these allegations as true, *Geddes*, 559 F.2d at 560, and additionally

12    has found that Defendants are employers and Plaintiff was an employee of Defendants,

13    Plaintiff "has stated a claim on which [he] may recover." *Vietnam Reform Party*, 416

14    F.Supp.3d at 962.

15    Thus, the second and third *Eitel* factors support an entry of default judgment.

16                     **c.      The Fourth *Eitel* Factor.**

17    The fourth *Eitel* factor considers "the amount of money at stake in relation to the

18    seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F.Supp.2d at 1177. "If the sum of

19    money at stake is completely disproportionate or inappropriate, default judgment is

20    disfavored." *Twentieth Century Fox Film Corp.*, 438 F.Supp.2d at 1071.

21    Here, Plaintiff seeks unpaid wages, including minimum and overtime wages he is

22    owed under the FLSA, AMWA, and AWA along with liquidated damages.[4] Plaintiff is

23    requesting $30,491.20 plus post-judgment interest, and to later request attorneys' fees and

---

24

25    [4] When an employer is found liable under the FLSA for failure to pay minimum and overtime wages, the employee is entitled to "unpaid minimum wages, [ ] unpaid overtime

26    compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Similarly, when an employer is found liable under the AMWA for failure to pay

27    minimum wages, the employee is entitled to "the balance of the wages ... including interest thereon, and an additional amount equal to twice the underpaid wages ...." A.R.S. § 23-

28    364(G). Likewise, when an employer is found liable under the AWA for failure to pay wages, "the employee may recover ... an amount that is treble the amount of the unpaid wages." *Id.* § 23-355(A).

costs following the entry of default judgment. Of this $30,491.20 total, Plaintiff is requesting that Defendant Fine Food Inc. d/b/a Scottsdale Window Coverings be liable for $508.20, and all Defendants be jointly and severally liable for $29,983.

Accordingly, taking Plaintiff's allegations as true, the Court finds that the amount requested is reasonable and not disproportionate or inappropriate. Thus, the fourth *Eitel* factor weighs in favor of default judgment.

Overall, the Court finds that the *Eitel* factors weigh in favor of entering default judgment against Defendants.

### 3. Damages.

Having found that entry of default judgment is proper under the *Eitel* factors, the Court will turn to the issue of damages. Unlike the allegations in the Complaint, the Court does not take allegations relating to damages as true. *Geddes*, 559 F.2d at 560; *see also TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Indeed, plaintiffs have the burden of "proving up" damages, and "if the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Courts may rely on declarations submitted by the plaintiff in determining appropriate damages. *Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) (citing *Philip Morris USA, Inc.*, 219 F.R.D. at 498).

According to his Motion and accompanying Declaration, the total compensatory damages of $30,491.20 Plaintiff is seeking consists of: $11,583 which is comprised of $3,861 in trebled unpaid minimum wage damages under the AMWA,[5] $18,400 which is comprised of $9,200 in doubled federal overtime damages under the FLSA, and $508.20 which is comprised of $169.40 in trebled regular and non-minimum wage damages under the AWA. (Doc. 15-1, ¶¶ 9-10, 12-14, 17-23); *see* 29 U.S.C. § 216(b); A.R.S. § 23-364(G); A.R.S. § 23-355.

Plaintiff is requesting that of this $30,491.20, $29,983 (consisting of $11,583 in

---

[5] This amount engulfs Plaintiff's minimum wage damages under the FLSA.

trebled unpaid minimum wage damages and $18,400 in doubled unpaid overtime) should be awarded against all Defendants (Fine Food Inc. d/b/a Scottsdale Window Coverings and Vincent Deshayes and Maria Deshayes) jointly and severally. Plaintiff requests that the remaining $508.20 in unpaid non-minimum wage and non-overtime damages should be awarded against Defendant Fine Food Inc. d/b/a Scottsdale Window Coverings.[6] Plaintiff further requests post-judgment interest pursuant to 28 U.S.C. § 1961 and that the Court allow him to file a motion for attorneys' fees and costs should the Court grant default judgment.

The Court finds that Plaintiff's requested relief accurately calculates the damages he is statutorily entitled to and is supported by Plaintiff's Declaration. Therefore, the Court finds it appropriate to award Plaintiff $30,491.20 in liquidated damages. Additionally, the Court finds that Plaintiff is entitled to his attorneys' fees and costs pursuant to 29 U.S.C § 216(b).

**III.    Conclusion and Recommendation.**

Having reviewed Plaintiff's Motion and the underlying documents in the record, the Court finds that the *Eitel* factors weigh in favor of granting default judgment in favor of Plaintiff for the requested amount.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Entry of Default Judgment (Doc. 15) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Plaintiff be awarded $30,491.20 plus post-judgment interest at the applicable statutory rate, and that $29,983 be awarded against all Defendants jointly and severally, and that $508.20 be awarded against Defendant Fine

---

[6] The Ninth Circuit has held employers individually liable under the FLSA. *See, e.g.*, *Walsh v. Wellfleet Commc'ns*, 2021 WL 4796537, at *2 (9th Cir. Oct. 14, 2021). Likewise, the District of Arizona has held that employers may be individually liable under both the FLSA and the AMWA. *See, e.g., Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021). In contrast, the AWA states individual liability is not authorized "against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Id.*

Food Inc. d/b/a Scottsdale Window Coverings;

**IT IS FURTHER RECOMMENDED** that Plaintiff have no later than 14 days after entry of Judgment to file an application for attorneys' fees and costs.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of May, 2024.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge